**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruby Charley, | No. CV-19-08239-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court are Defendant United States' Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction (Doc. 7) and Plaintiff Ruby Charley's Motion for Limited Discovery (Doc. 10). For the following reasons, the United States' Motions are denied, and Plaintiff's Motion is denied as moot.

**BACKGROUND**

Gerald Vann Charley ("Deceased") was found dead in Burnt Corn, Arizona on January 10, 2018. Plaintiff, Deceased's mother, was properly appointed Administrator of Deceased's estate. Plaintiff brings this wrongful death action against the United States pursuant to the Federal Torts Claim Act ("FTCA"). Plaintiff asserts that Deceased died because the Chinle Police Department, a federal contractor,[1] ignored "numerous calls requesting assistance for Mr. Charley and asking for a welfare check on Mr. Charley." (Doc. 1 at 5.) Based on this assertion, Plaintiff alleges claims for Negligence (Count I) and

---
[1] The complaint alleges that the Chinle Police Department operates under a contract with the federal government under the Indian Self Determination Assistance Act of 1968. Thus, the Court interprets any mention of "federal contractor" in the complaint as referring to the Chinle Police Department. Plaintiff' confirms this interpretation in its reply. (Doc. 10 at 3.)

Negligent Operation, Maintenance, Control, Supervision, Direction and Training (Count II).[2]

The United States moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff requests limited discovery "so that she may amend her complaint to identify the human beings who failed in this process." (Doc. 1 at 2.)

**DISCUSSION**

**I. Negligence (Count I)**

The United States argues that Count I must be dismissed because it fails to meet the requisite pleading standards.[3]

A party may move to dismiss a complaint for "failure to state claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

---

[2] Plaintiff clarifies that the complaint does not assert a separate claim under Article I of the 1868 Treaty with the Navajo Nation ("Bad Men Provision"). Plaintiff merely asserts the Bad Men provision as an alternative jurisdictional theory. However, because the Court has jurisdiction over both claims pursuant to the FTCA, the Court need not address Plaintiff's assertion of jurisdiction under the Bad Men Provision.

[3] While Defendant United States disputes this Court's jurisdiction over Count II, it does not dispute this Court's jurisdiction over Count I pursuant to the FTCA. The FTCA gives the district courts "exclusive jurisdiction of civil action on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. 1346(b)(1). Count I asserts a civil claim against the United States for wrongful death caused by the negligence of "the employees, officials, and agents" of the United States. Moreover, the complaint alleges that the United States, if a private person, would be liable to Plaintiff for the alleged negligence under Arizona law. Thus, the complaint alleges sufficient facts to establish FTCA jurisdiction over Count I.

Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Under Arizona law, "[t]o establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Diaz v. Phoenix Lubrication Serv., Inc.*, 224 Ariz. 335, 338, 230 P.3d 718, 721 (Ct. App. 2010). Here, the complaint asserts that the "employees, officials, and agents of the Defendant had a duty to act reasonably to avoid injury to Gerald Charley." (Doc. 1 at 6). Plaintiff further alleges that Defendant breached that duty when the Chinle Police Department ignored "numerous calls requesting assistance for Mr. Charley." (Doc. 1 at 5.) Plaintiff asserts that the alleged breach "directly and proximately resulted in the wrongful death of Gerald Charley." (Doc. 1 at 7.) These allegations are enough to state a plausible claim of negligence. The specificity demanded by Defendant United States, such as allegations of who placed the alleged welfare calls or when the alleged calls were made, will likely be necessary to prove Plaintiff's claim but are not required at the pleading stage.

Defendant United States further asserts that under the FTCA, "Plaintiff must specify which employees acted and what their role was" because the FTCA only waives the Government's sovereign immunity for negligent acts of its employees made within the scope of their employment. However, Plaintiff satisfies this burden by alleging that the Chinle Police Department operates "pursuant to a contract authorized under the Indian Self Determination Assistance Act of 1968, P.L. 93–638" and the alleged negligence concerns the actions or omissions of Defendant United States' "employees, officials, and agents" working under the alleged contract. *See Shirk v United States*, 773F.3d 999, 1003 (9th Cir. 2014) ("Congress extended the FTCA's waiver of sovereign immunity to claims "resulting from the performance of functions . . . under a contract, grant agreement, or cooperative

agreement authorized by the [Indian Self Determination Assistance Act] of 1975, as amended.") (citing 25 U.S.C. § 450f (note)). The scope of employment is a factual question that cannot be appropriately resolved on a motion to dismiss. Thus, contrary to Defendant's assertions, Plaintiff has pled a plausible negligence claim properly asserted under the FTCA. No more is required to survive dismissal. Defendant United States Motion to Dismiss with respect to Count I is denied.

**II.  Negligent Operation, Maintenance, Control, Supervision, Direction and Training (Count II).**

The United States argues that this Court lacks subject matter jurisdiction over Count II because Plaintiff failed to exhaust her administrative remedies and, in the alternative, the FTCA does not waive the Government's sovereign immunity for claims of institutional negligence. The United States further asserts that Count II, as alleged, fails to meet the pleading standards set forth in *Twombly* and *Iqbal* and must be dismissed pursuant to Rule 12(b)(6).

**A.  Administrative Exhaustion**

The United States argues that Plaintiff's institutional negligence claim should be dismissed because her "SF Notice of Claim did not include any allegations of negligent hiring, training, supervision or control." (Doc. 7 at 8.)

The FTCA provides that "an action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a)). A claim is considered "presented for purposes of § 2675 when a party files (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Blair v. United States*, 304 F.3d 861, 863–64 (9th Cir. 2002).

Plaintiff timely submitted a written statement of his claims to the Bureau of Indian Affairs ("BIA"). The statement explained the basis of Plaintiffs claim as follows:

///

> Gerald Vann Charley was found dead at .25 miles north of mile post 26, off Navajo Rouge 4, in Burnt Corn, Arizona. This occurred despite the fact that the Chinle Police Department, a contractor of the BIA, received numerous calls requesting assistance for Mr. Charley and asking for a welfare check on Mr. Charley. The Department ignored those calls, and, due to its negligence, Mr. Charley passed away. The BIA is liable for the wrongful death of Mr. Charley.

(Doc. 7-1 at 3.) This description of Plaintiff's claim is sufficient to satisfy the presentation requirement under the FTCA. Plaintiff relies on a case from the First Circuit which explains that the notice requirement is approached leniently, "recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims." *Santiago-Ramirez v. Sec'y of Dep't of Def.,* 984 F.2d 16, 19 (1st Cir. 1993) (internal quotations omitted). Although not raised by the parties, this Circuit applies a similar standard. *See Blair v. I.R.S.* 304 F.3d 861, 868 (9th Cir. 2002) ("The claim presentation requirement of the FTCA is designed to ensure that compensation is provided in a fair and equitable manner, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits."); *see Goss v. United States*, 353 F. Supp. 3d 878, 885 (D. Ariz. 2018) (holding that a statement "seeking compensation for emotional distress", without more, "placed the government on notice of his emotional distress claim"). Thus, Plaintiff's statement provided the BIA enough information to investigate her claim.

### B. FTCA Jurisdiction

The United States asserts that "this Court has no jurisdiction over Plaintiff's claims for direct liability or institutional negligence since the United States has not waived sovereign immunity for these claims." (Doc. 7 at 6.)

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity." *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996) (citing *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir.1995)). "The FTCA waives the Government's sovereign immunity for tort claims

arising out of the negligent conduct of government employees acting within the scope of their employment." *Id.* The waiver, however, only extends to claims for which an individual person would be liable under state tort law. 28 U.S.C. § 1346(b)(1).

Defendant United States asserts that a recent Ninth Circuit decision holds that "the FTCA's liability provisions for individual employee conduct do not apply to institutional entities such [as] the United States." (Doc. 7 at 5.) (citing *Meier v. United States*, No. C 05-04404 WHA, 2006 WL 3798160, at *3 (N.D. Cal. Dec. 22, 2006) *aff'd*, 310 Fed. Appx. 976, 979 (9th Cir. 2009)). The Court, however, does not interpret *Meir* so broadly. In *Meir*, the Ninth Circuit affirmed the district court's dismissal of a negligent hiring, training, and supervision claim asserted against the Veterans Administration. *Meir v United States*, 310 Fed. Appx. 976, 979 (9th Cir. 2009). The district court explained that California case law permitted a hospital to be held liable for failing to ensure the competence of its employees under the doctrine of corporate negligence. This particular theory of liability, however, did not extend to individual persons. *Meir,* 2006 WL 3798160, at *4. The court held that "because California law does not impose liability on a private person for a hospital's negligent hiring or supervision of medical staff, no liability can be imposed on the government on the theories alleged." *Id.* Accordingly, *Meir* merely holds that the United States "will not be liable under the FTCA when a plaintiff's claim is based on a state law that that would only hold a corporation—and not an individual person—liable." *Id.* at *3.

Here, Arizona law does impose liability on a private person for the tortious conduct presented—negligent operation, maintenance, control, supervision, directing, and training. *See Leibel v. City of Buckeye*, 364 F.Supp.3d 1027, 1045 (holding that a complaint plausibly alleged an Arizona state law claim of negligent training and supervision against an individual lieutenant, and the chief of police); *Mulhern v. City of Scottsdale*, 165 Ariz. 395, 398, 799 P.2d 15, 18 (Ct. App. 1990) (dismissing on other grounds a state law claim for negligent assignment of duties asserted against the police chief). Arizona follows the Restatement (Second) of Agency § 213 ("Restatement") for negligent hiring, supervision, and training claims, *Kassman v. Busfield Enterprise, Inc.*, 131 Ariz. 163, 166, 639 P.2d

353, 356 (Ct. App. 1981), which provides that "[a] *person* conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent" in giving improper instruction, in the employment of improper persons, or in the supervision of the activity. Restatement (Second) of Agency § 213 (emphasis added). Defendants do not provide, and the Court has not found, any authority suggesting that Plaintiff's claim is rooted in and/or limited to the doctrine of corporate negligence like the claim asserted in *Meir*. Because Arizona law recognizes a tort for negligent supervision, hiring, or training that would apply to a private person in the circumstances presented here, the Court declines to dismiss Count II for lack of subject matter jurisdiction.

### C. Rule 12(b)(6)

For an employer to be held liable for negligent supervision under Arizona law, a plaintiff must demonstrate (1) that the employer knew or should have known that the employee was not competent to perform the assigned task and (2) that the employer's failure to supervise the employee caused the plaintiff's injury. *Sloan v. United States*, No. CV-16-08059-PCT-DGC, 2016 WL 3548766, at *2 (D. Ariz. June 30, 2016). "To prevail on a negligent training claim, a plaintiff must show a defendant's training or lack thereof was negligent[.]" *Guerra v. State*, 234 Ariz. 482, 490, 323 P.3d 765, 772 (Ct. App. 2014), vacated on other grounds, 237 Ariz. 183, 348 P.3d 423 (2015).

Here, the complaint asserts that Defendant United States has a duty to "properly screen, hire, control, direct, train, monitor, supervise and/or discipline employees, terminate, or otherwise take remedial action against its agents and contractors." (Doc. 1 at 7.) "Defendant knew or reasonably should have known that subordinate employees, agents or contractors were acting improperly, negligently, that they had not provided sufficient training and supervision to act reasonably . . ." (Doc. 1 at 8.) Defendant allegedly breached its duty by "failing to properly screen, hire, train, monitor, supervise and/or discipline subordinate employees, agents and contracts." (Doc. 1 at 8-9.) And Defendant's conduct "was a direct and proximate cause of the wrongful death of Gerald Charley." (Doc. 1 at 9.) These allegations, when considered in the entire factual context, are sufficiently plausible

to maintain Plaintiff's claim at this stage.

Defendant United States asserts that "Plaintiff must specify which employees acted and what their role was" to adequately state a claim under the FTCA. However, Defendant United States fails to provide authority to support this standard. More specific factual allegations will be required to prove Plaintiff's claim, however, the allegations provided are sufficient to survive dismissal for failure to state a claim. Defendant United States' Motion to Dismiss with respect to Count II is denied.

## CONCLUSION

The Court finds that Plaintiff's claims are properly before the Court pursuant to the FTCA. Moreover, Plaintiff has plausibly alleged claims for negligence and negligent supervision, training, etc. against the United States in accordance therewith. Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States' Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction (Doc. 7) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Limited Discovery (Doc. 10) is **DENIED** as moot.

Dated this 5th day of February, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge